# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>FARMERS GRAIN, LLC,<br><br>    Debtor. | Case No. 17-00450-TLM |
| NOAH G. HILLEN, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>GRESSLEY FARMS, LLC, SCOTT GRESSLEY AND NORTHWEST FARM CREDIT SERICES,<br><br>    Defendant. | Adv. No. 19-06012-TLM |

## PRETRIAL ORDER

On the 5th day of November, 2019, a telephonic pretrial conference was held, at which the following parties participated:

Plaintiff(s): Jed W. Manwaring

Defendant(s): Alexandra O. Caval

PRETRIAL ORDER - 1

Based upon the results of that pretrial conference, the Court for good cause hereby ORDERS as follows:

1. The pleadings are settled. This is a core proceeding over which this Court exercises jurisdiction, 28 U.S.C. '157, 1334, and enters final orders and judgments subject to appeal under 28 U.S.C. '158. Pursuant to Bankruptcy Rules 7008 and 7012 as amended Dec. 1, 2016, the parties expressly consent to this Court entering final orders and/or judgment.

2. Any and all discovery shall be completed no later than April 30, 2020.

3. Any and all pretrial motions, including any motions for continuances, must be filed before the Court in accordance with the Bankruptcy Rules and Local Bankruptcy Rules (including but not limited to LBR 7056.1) no later than April 30, 2020.

4. The deadlines set forth herein may not be extended by agreement of the parties except upon the filing of a written stipulation approved by order of the Court prior to the expiration of the original deadline.

5. Except to the extent modified by the terms of this Order, the parties shall comply with the Court's Order Regarding Exhibits and Witness List attached hereto.

6. Pretrial briefs shall be filed no later than June 16, 2020.

PRETRIAL ORDER - 2

7.	Trial of this matter is set for June 30, 2020 at 9:00 a.m., at the U.S. Bankruptcy Court, James A. McClure Federal Building and U.S. Courthouse, 550 West Fort Street, Boise, Idaho.

DATED: November 5, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

PRETRIAL ORDER - 3

ORDER REGARDING EXHIBITS AND WITNESS LISTS

The following provisions govern all documentary exhibits to be used in the trial of the adversary proceeding, and identification of all witnesses that may be called, except exhibits used solely for purposes of impeachment or rebuttal, and witnesses called solely for rebuttal.

(a)  Marking, exchanging, and providing exhibits

(1)  Each party shall identify a proposed documentary exhibit by marking it, if practicable, in the lower righthand corner of its first page.  Unless there are more than two parties, the plaintiff shall identify exhibits by consecutive number starting with 100 (100, 101, 102, 103, etc.), and the defendant shall identify exhibits by consecutive number starting with 200 (200, 201, 202, 203, etc.).

(A)  If there are more than two parties, or if parties anticipate a number of exhibits greater than this protocol will accommodate, the parties shall address that matter with the courtroom deputy and comply with such orders as the Court may enter as to exhibit identification and numbering.  Ordinarily subsequent number ranges (300, 301, 302, 303, etc.; 400, 401, 402, 403, etc.) will be assigned to the additional parties.

(2)  Any party intending to offer an exhibit in evidence shall provide pre-marked copies thereof to opposing parties, and provide a witness original, one bench copy and an additional electronic version or copy to the courtroom deputy **June 16, 2020** unless otherwise ordered by the Court.  Failure to do so may be grounds for not admitting an exhibit in evidence.

(3) Where a party intends to offer exhibits, that party shall place its pre-marked exhibits in tabbed binders prior to exchanging exhibits with other parties and providing them to the courtroom deputy.

(b) Identification and disclosure of witnesses

(1) Each party shall disclose the names and addresses of all witnesses proposed to be called at trial, except for rebuttal witnesses. Such witness lists shall be provided to opposing parties and the courtroom deputy no later than **June 16, 2020** unless otherwise ordered by the Court. Failure to do so may be grounds for not allowing the testimony of a witness.

(2) Parties designating a witness shall have the responsibility, subject to the Bankruptcy Rules, of assuring the presence of the witness at trial.

(c) Discretion of the Court.

Notwithstanding the foregoing, the Court may enter such orders concerning exhibits or witness lists as may be necessary or appropriate, including modification or waiver of the requirements of this Order.

**BY ORDER OF THE COURT**